**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RENEE JOHNSON,**<br>**for herself and all others similarly situated,**<br>　　　　　　　　**Plaintiff,**<br>　　　　v.<br><br>**CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,**<br>　　　　　　　　**Defendant.** | Case No. 21-cv-187<br><br>Hon. Gary Feinerman |

## ORDER

AND NOW, this 7th, day of July, 2021, upon consideration of Plaintiff's Motion for FLSA Conditional Certification and Notice Under 29 U.S.C. § 216(b), Defendant's Opposition, Plaintiff's Reply and all related submissions, it is hereby ORDERED that Plaintiff's Motion is GRANTED as follows:

- Plaintiff has satisfied her burden to make a modest factual showing demonstrating a factual nexus between the manner in which Defendant's alleged policies relating to unpaid pre-shift, meal break and post-shift work affected her and the manner in which these policies affected the proposed FLSA Collective by producing evidence beyond pure speculation indicating the existence of common facts among Plaintiff's claims or a common policy affecting all of the collective members. As a result, pursuant to 29 U.S.C. § 216(b), this Court conditionally certifies an FLSA collective defined to include: "all people who have worked for Verizon Wireless as a full-time, hourly-paid, phone-based Customer Service, Sales, or Technical Support Consultant in Illinois during the maximum limitations period" (the "FLSA Collective").

- The Court approves Plaintiff's proposed form of FLSA Notice.

- Within 14 days, Defendant shall serve Plaintiff's counsel with a computer-readable Excel file containing the full name, last-known mailing address and last-known e-mail address of each person who has worked as a full-time, hourly, phone-based Customer Service and Sales employees for Verizon Wireless in Illinois during the three years preceding the date of this Order.

- Promptly after receiving this information from Defendant, Plaintiff's counsel (or their designee) shall perform all necessary address searches and, thereafter, disseminate the Notice to all putative FLSA Collective members by First-Class U.S. Mail and e-mail (attaching an electronic copy of the opt-in form) and perform all necessary re-delivery efforts.

- Plaintiff's counsel (or their designee) may send one reminder mailing and up to two reminder e-mails to each putative FLSA Collective member during the opt-in period.

- Defendant shall post the FLSA Notice in each of its Illinois call centers in a conspicuous location where the putative FLSA Collective members are likely to view it.

- The FLSA Collective members shall have 60 days from the notice mailing date to opt-in to this litigation.

- Within three business days of the conclusion of the opt-in period, Plaintiff's counsel shall file a report describing the number of FLSA Collective members.

**BY THE COURT:**

**/s/ Gary Feinerman\_\_\_\_\_**
**HON. GARY FEINERMAN**